RECEIVED
OCT 12 2018
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN THE MATTER OF THE TAX INDEBTEDNESS OF:

Concierge Enterprises, Inc.
8603-8605 Jefferson Highway
Osseo, MN 55369

COUNTY OF HENNEPIN
STATE OF MINNESOTA

Case No. 18-MJ-813 DTS

**APPLICATION OF THE UNITED STATES TO ENTER PREMISES TO EFFECT LEVY**

The United States of America, on the basis of the attached affidavit of Revenue Officer Crystal Hosfield, respectfully applies to the Court, pursuant to 26 U.S.C. sections 6331 and 7402(a), for an order authorizing Revenue Officer Crystal Hosfield and/or other employees, as designated by the Internal Revenue Service, who may be escorted by employees of the U.S. Treasury Inspector General for Tax Administration, to enter the premises located at 8603 and 8605 Jefferson Highway, Osseo, MN 55369, for the purpose of seizing property as may be found therein, which is subject to levy by the United States in satisfaction of the outstanding federal taxes now due and owing by Concierge Enterprises, Inc. ("Concierge"), together with interest and costs as allowed by law.

Jurisdiction is conferred upon federal district courts to make and issue in civil actions, writs and orders of injunction and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. 26 U.S.C. § 7402(a). A district court is vested with jurisdiction under 26 U.S.C. § 7402(a) to enforce levies of the Internal Revenue Service by summary, ex parte

SCANNED
OCT 12 2018
U.S. DISTRICT COURT ST. PAUL



proceedings. *Matter of Carlson*, 580 F.2d 1365 (10th Cir. 1978); *United States v. First National City Bank*, 568 F.2d 853 (2d Cir. 1977); *United States v. Mellon Bank, N.A.*, 521 F.2d 708 (3d Cir. 1975).

Where a taxpayer refuses to pay his tax liabilities after notice and demand, a District Court has jurisdiction to issue an entry order pursuant to 26 U.S.C. § 7402(a) allowing other Service to enter premises in order to collect delinquent taxes. 26 U.S.C. § 7402(a); *Marshall v. Barlow's Inc.*, 436 U.S. 307, 322, n. 19, 98 S.Ct. 1816 (1978). An order of entry is to be issued upon application with supporting affidavit showing cause to enter, search for, and levy upon personal property in aid of summary collection of assessed and unpaid tax. *United States v. Shriver*, 645 F.2d 221 (4th Cir. 1981). Issuance of the order authorizing entry is to take place in a summary, *ex parte*, proceeding and is not to be converted into an adversary proceeding. *Matter of Campbell*, 761 F.2d 1181, 1186 (6th Cir. 1978); *United States v. Condo*, 782 F.2d 1502, 1504-06 (9th Cir. 1986); *United States v. Asay, Jr.*, 614 F.2d 655, 662 (9th Cir. 1980).

Submitted in support of this application is the affidavit of Revenue Officer Crystal Hosfield. The affidavit establishes that assessments of tax, penalty, and interest have been made against Concierge for the 941 tax period ending 03/31/2011, 940 tax period ending 12/31/2011, and civil penalties for the period ending 12/31/2010, in the amounts of $55,897.54, $40,747.06, and $7,461.93, respectively. Pursuant to sections 6201, 6203, and 6303 of the Internal Revenue Code, notice and demand were made for the assessments was given to the taxpayer prior to or on the date that is 60 days after the date upon which each amount was assessed. Concierge has neglected or refused to pay the full amount of the tax,

penalty, and interest assessed within ten (10) days after notice and demand for payment, and this neglect or refusal continues. By reason of the taxpayer's neglect and failure to pay such tax, penalty, and interest within 10 days after notice and demand, a levy may be made under 26 U.S.C. 6331(d). There is now due and owing and unpaid with respect to such tax, penalty and interest, a total amount of $104,106.53. These amounts include statutory additions. By reason of the assessments, a lien has arisen on all property and rights to property of Concierge Enterprise, Inc., as prescribed by sections 6321 and 6322 of the Internal Revenue Code.

A notice of intention to levy along with Collection Due Process rights, required by section 6331(d) and 6330 of the Internal Revenue Code, was provided to the taxpayer by certified mail to the taxpayer's last known address 09/22/2011 for the Form 941 liabilities for the periods ending 03/31/2011, respectively, and on 09/04/2011 for the Form 940 liabilities for the period ending 12/31/2011, and on 09/04/2014 for civil penalties for the period ending 12/31/2010. The taxpayer did exercise its Collection Due Process rights for all of the above tax periods and resolved that collection due process hearing by agreeing to an installment agreement for $8,000.00 per month. It defaulted on the installment agreement in 2014, stopped operating as business, and transferred its assets to Natural Green, Inc. ("Natural Green"), and also to Showcase Landscape, Inc. ("Showcase"), notwithstanding the IRS liens.

Notice of Federal Tax Lien filings were filed with the Minnesota Secretary of State on 10/7/2011 for the Form 941 liability for the period ended 03/31/2011, on 10/01/2014 for

Form 940 liability for period ended 12/31/2011, and on 10/01/2014 for civil penalties for the period ended on 12/31/2010.

Taxpayer was a corporation operating as a commercial and residential law care and snow removal business, which formed on November 19, 1999, and administratively dissolved on March 14, 2016. Timothy Pearson was the chief executive officer and 100% owner of Concierge and Steven Hoogenakker was an employee. Steven Hoogenakker was also an employee of Natural Green, another commercial and residential lawn care and snow removal business 100% owned by its chief executive officer Timothy Pearson. Natural Green formed on July 18, 2011, and administratively dissolved on March 14, 2016. It is also now defunct. Steven Hoogenakker is now the 100% owner and chief executive officer of Showcase, another commercial and residential lawn care and snow removal businesses, and Timothy Pearson is its employee. Showcase formed on March 17, 2015, and is currently an active corporation in good standing. Concierge, Natural Green, and Showcase's registered office address with the Minnesota Secretary of State has been 8605 Jefferson Hwy, Osseo, MN 55369.

Natural Green provided a list of its assets to the Internal Revenue Service on April 30, 2015, which included model numbers and if appropriate, serial numbers and VIN. In that list, it indicated that certain assets were received from Concierge. The Internal Revenue Service also identified assets titled to Concierge after the above-referenced assessment dates, and used as part of its lawn care and snow removal business. All of the above-described assets are identified in Exhibit A to Revenue Officer Hosfield's Affidavit.

The IRS verified ownership of the above-listed assets when Revenue Officer Hosfield conducted a field visit to Showcase's premises, on June 15, 2018. The premises The premises contain two commercial buildings, 8603 and 8605 Jefferson Memorial Highway, Osseo, MN and a fenced area shared by the two buildings around the perimeter. Stephen Hoogenakker advised Revenue Officer Hosfield that Showcase rents both buildings from Jefferson Properties. Revenue Officer Hosfield personally viewed the above-described assets in the 8605 building and within the locked fenced area. Hoogenakker stated that the 8603 building is used to repair and store more equipment. Steven Hoogenakker told Revenue Officer Hosfield that many of Showcase's assets were originally those of Concierge and/or Natural Green. Mr. Hoogenakker described himself as a "silent partner" in Concierge and Natural Green. He stated that the value of the assets he received from Concierge and Natural Green was approximately $100,000. The IRS requested Mr. Hoogenakker allow entry into the two commercial buildings and fenced area for the IRS to seize the assets of Concierge and Natural Green, but he denied that request.

The federal tax lien attaches to all property and rights to property belonging to a taxpayer. 26 U.S.C. § 6321. The basic rule for determining the priority of the Notice of Federal Tax Lien is known as "first in time, first in right." *United States v. City of New Britain*, 347 U.S. 81 (1954). Moreover, a federal tax lien continues to attach to the taxpayer's property regardless of any subsequent transfers of the property. *United States v. Donahue Indus., Inc.*, 905 F.2d 1325, 1330-31 (9th Cir. 1990). Since the federal tax lien attached prior to transfer, the only exceptions to the general rule are "superpriorities" found in 26 U.S.C. § 6323(b), none of which apply here because of the intimate relationship

between the Concierge, Natural Green, and Showcase. Rev. Rul. 2006-42. Moreover, the levy does not determine whether the government's claim is superior to the claims of other parties. *See United States v. National Bank of Commerce*, 472 U.S. 713, 721 (1985). Rather, levy authority is designed to enable to government promptly to secure its revenues while competing claims are resolved. *Id.l Bank of Commerce. See also* Rev. Rul. 2006-42. Levy exceptions are determined by 26 U.S.C. §§ 6332(a) not 6323. A lien priority argument is not a defense to a levy. *Virgin Islands Bureau of Internal Revenue v. Chase Manhattan Bank*, 312 F.3d 131, 138 (3d Cir. 2002) (court did not consider bank's lien priority claim because a lien priority argument is not a defense to a levy).

Seizure is the only remaining viable solution to collect the amounts owed to the United States. Alternative remedies including third-party levies have not been successful and the taxpayer is defunct and transferred all assets to an employee's new business (either directly or first through Natural Green).

On June 15, 2018, the IRS requested consent from Showcase Landscape, Inc., for the purpose of levying property to which the tax liens against Concierge Enterprises, Inc., attached under section 6331 of the Code, and was verbally denied consent to enter by Mr. Hoogenakker, the owner of Showcase Landscape, Inc.

WHEREFORE, the United States prays that an order be issued permitting Revenue Officer Crystal Hosfield and/or other employees, as designated by the Internal Revenue Service, who may be escorted by employees of the U.S. Treasury Inspector General for Tax Administration, to enter the premises located at 8603 and 8605 Jefferson Memorial Highway, Osseo, Minnesota, 55369, for the purpose of seizing property of Concierge

Enterprises, Inc. as may be found therein for the purpose of satisfying Concierge Enterprises, Inc.'s outstanding tax liabilities.

Dated: September 27, 2018

ERICA H. MacDONALD
United States Attorney

By: [signature]
Bahram Samie
Assistant United States Attorney
Attorney I.D. No. 392645
District of Minnesota
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
E-Mail: bahram.samie@usdoj.gov
Phone:(612) 664-5600

Attorneys for Applicant